UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| SUSAN EGER,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>      Plaintiff,<br>  v<br><br>GOLD KEY CREDIT, INC.,<br><br>      Defendants. | Civil Action, File No.<br>2:17-cv-04252-JFB-GRB |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Susan Eger [hereinafter "Eger"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Gold Key Credit, Inc. ("Gold Key Credit"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Gold Key Credit's regular transaction of business within this district. Venue in this district also is proper based on Gold Key Credit possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Gold Key Credit also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Eger is a natural person who resides at 10 Sharon Drive, East Patchogue, NY 11772.

6. Eger is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about March 4, 2016, Gold Key Credit sent Eger the letter annexed as Exhibit A. Eger received and read Exhibit A. For the reasons set forth below, Eger's receipt and reading of Exhibit A deprived Eger of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Gold Key Credit sent Exhibit A to Eger in an attempt to collect a past due debt.

9. Based upon Exhibit A identifying Port Emergency Medical Svc as the original creditor, and upon Gold Key Credit, via Exhibit A, having attempted to collect this past due debt from Eger in her individual capacity, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Gold Key Credit is a Florida Domestic Corporation and a New York Foreign Corporation with a principal place of business of 16070 Aviation Loop Drive, Brooksville, FL 34604.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Gold Key Credit possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, Gold Key Credit identifies itself as a "debt collector" and as a "collection

agency" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon Gold Key Credit possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Gold Key Credit is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, Gold Key Credit is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A identifies Port Emergency Medical Svc as the "original creditor", but does not label any entity as the current "creditor" or "creditor".

17. Exhibit A does not label any entity as Gold Key Credit's "client".

18. Exhibit A does not label any entity as the "owner" of the debt.

19. Exhibit A does not set forth the name of the entity that has a right to receive payment of the debt or on whose behalf Gold Key Credit was acting to attempt to collect the debt.

20. Based on one or more of the above allegations, to the "least sophisticated consumer", Exhibit A did not identify in any manner or did not clearly or properly identify the "creditor" and/or entity to whom the debt currently is owed or on whose behalf Gold Key Credit was attempting to collect the debt.

21. Based on the above, Gold Key Credit violated 15 USC § 1692e, and 15 USC § 1692e(10) by sending Exhibit A to Eger.

## SECOND CAUSE OF ACTION-CLASS CLAIM

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

23. Exhibit A sets forth a "Total Balance Due" and "Total Balance" of $111.90.

24. Exhibit A does not set forth that the "Total Balance Due" or "Total Balance" of $111.90 may increase due to interest, late charges, and/or other charges.

25. Since Exhibit A does not set forth that the "Total Balance Due" or "Total Balance" of $111.90 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Balance Due" or "Total Balance" of $111.90 was static and that their payment of $111.90 would satisfy the debt irrespective of when the payment was remitted.

26. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

27. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

28. Eger owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt owed to Island Neonatology set forth in Exhibit A.

29. NY CPLR 5001(b) provides as follows:

    "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

30. As regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to interest on the "Total Balance Due" or "Total Balance" of $111.90 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

31. Based on the above, the "Total Balance Due" or "Total Balance" of $111.90 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Total Balance Due" or "Total Balance" of $111.90 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

32. Based on the above, Gold Key Credit or the creditor could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Total Balance Due" or "Total Balance" of $111.90 set forth in Exhibit A balance was paid.

33. In the alternative, based on the above, the creditor could have sold Eger's debt to a third party and such third party could seek the interest that accumulated after Exhibit A was sent but before the "Total Balance Due" or "Total Balance" of $111.90 set forth in Exhibit A balance was paid.

34. Although Exhibit A sets forth a settlement offer, Exhibit A failed to clearly state that the holder of the debt will accept payment of the amount of the settlement offer in full

satisfaction of the debt if payment is made by a specified date.

35. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Eger that if she did not pay the amount of the settlement offer then the "Total Balance Due" or "Total Balance" may increase due to the aforementioned accrued interest.

36. Based on the above, Gold Key Credit violated 15 USC § 1692e by sending Exhibit A to Eger.

## THIRD CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

38. Upon information and belief, any "Total Balance Due" or "Total Balance" resulted from an agreement between Eger and the creditor to whom the debt was originally owed.

39. Upon information and belief, the aforementioned agreement allowed the creditor to whom the debt was originally owed and any assignee or successor-in-interest to charge Eger interest, late charges, and/or other charges in addition to any "Total Balance Due" or "Total Balance".

40. In the alternative or in addition, any "Total Balance Due" or "Total Balance" was set forth in an invoice, bill or statement received by Eger from the creditor to whom the debt was originally owed.

41. Upon information and belief, any aforementioned invoice, bill or statement set forth that the creditor to whom the debt was originally owed could charge Eger interest, late charges, and/or other charges in addition to any "Total Balance Due" or "Total Balance". Any assignee or successor-in-interest of the creditor to whom the debt was originally owed would succeed to the rights of the creditor to whom the debt was originally owed

based on any aforementioned invoice, bill or statement that set forth that the creditor to whom the debt was originally owed could charge Eger interest, late charges, and/or other charges in addition to any "Total Balance Due" or "Total Balance".

42. Any right based on any aforementioned agreement, invoice, bill or statement to charge Eger interest, late charges, and/or other charges in addition to any "Total Balance Due" or "Total Balance" is not waived by the creditor to whom the debt was originally owed or any assignee or successor-in-interest as a result of a failure by either the creditor to whom the debt was originally owed or any assignee or successor-in-interest at any point in time to charge Eger interest, late charges, and/or other charges in addition to any "Total Balance Due" or "Total Balance".

43. Exhibit A failed to notify Eger that her "Total Balance Due" or "Total Balance" may increase due to interest, late charges, and/or other charges.

44. Although Exhibit A sets forth a settlement offer, Exhibit A failed to clearly state that the holder of the debt will accept payment of the amount of the settlement offer in full satisfaction of the debt if payment is made by a specified date.

45. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Eger that if she did not pay the amount of the settlement offer then the "Total Balance Due" or "Total Balance" may increase due to interest, late charges, and/or other charges.

46. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Gold Key Credit violated 15 USC § 1692e as a result of sending Exhibit A to Eger.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

48. As a result of sending Exhibit A to Eger, Gold Key Credit violated 15 USC 1692g.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

50. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

52. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

53. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

54. The classes consist of:

   I. (a) all natural persons (b) who received a letter from Gold Key Credit dated between March 4, 2016 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing

        beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

  II.    (a) all natural persons (b) who received a letter from Gold Key Credit dated between March 4, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

  III.    (a) all natural persons (b) who received a letter from Gold Key Credit dated between March 4, 2016 and the present to collect a past due debt due to the creditor to whom the debt is owed, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

  IV.    (a) all natural persons (b) who received a letter from Gold Key Credit dated between March 4, 2016 and the present to collect a past due debt due to the creditor to whom the debt is owed, (c) in a form materially identical or substantially similar to Exhibit A; and/or

55. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

56. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

57. The predominant common question is whether Defendant's letters violate the FDCPA.

58. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

59. A class action is the superior means of adjudicating this dispute.

60. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Gold Key Credit in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated: July 19, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709